

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOSEPH GRIFFITH,

    Petitioner,

v.                                         Civil Action No. 3:14CV47

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION**

Joseph Griffith, a federal inmate proceeding pro se, submitted a 28 U.S.C. § 2241[1] petition ("§ 2241 Petition," ECF No. 5). On February 12, 2015, the Magistrate Judge issued a Report and Recommendation recommending that the Court dismiss the action for want of jurisdiction. For the reasons that follow, the action will be dismissed for want of jurisdiction.

---

[1] That statute provides, in pertinent part:

> **(c)** The writ of habeas corpus shall not extend to a prisoner unless—
> **(1)** He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> **(2)** He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> **(3)** He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)-(3).

# I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

## A. Procedural History and Summary of Griffith's Claims

In the United States District Court for the Central District of Illinois, "Griffith pleaded guilty to distributing child pornography, 18 U.S.C. § 2252(a)(1), and was sentenced to 262 months' imprisonment." United States v. Griffith, 344 F.3d 714, 715 (7th Cir. 2003)

In his § 2241 Petition, Griffith challenges the sentence imposed by the District Court for the Central District of Illinois. (§ 2241 Pet. 3.) Specifically, Griffith contends that:

> GROUND ONE: Unconstitutional enhancements applied.
> -Enhancements for the computer use is duplicitous. Statute wording "including by computer" includes computer usage by that wording. Base offense level inclusive.
> -Enhancement for sexually abusing children was unconstitutionally applied. The charge was not pled to nor jury convicted. It was a separate offense "element" and was not judicially discretionary.
> GROUND TWO: Career enhancement was unconstitutional
> -Following every possible\questionable enhancement possible was the absolute limit. Careering out a defendant based on emotion is neither legal nor constitutional. Judge Mihm sacrificed obligatory "neutral arbiter" status and illegally implemented the career enhancement to a defendant who did not qualify for such.

(Id. at 7-8 (capitalization corrected).) For reasons set forth below, the Court RECOMMENDS that the § 2241 Petition be DISMISSED FOR WANT OF JURISDICTION.

2

**B. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241**

A motion pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack'" on the imposition of a federal conviction and sentence and must be filed with the sentencing court. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[2] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Hanahan v. Luther, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." Id. (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." United States v. Poole, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," id., in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;

---

[2] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." Wilson v. Wilson, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting In re Jones, 226 F.3d 328, 333 (4th Cir. 2000)).

> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner <u>was convicted is deemed not to be criminal</u>; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which <u>an individual is incarcerated for conduct that is not criminal</u> but, through no fault of his [or her] own, [he or she] has no source of redress." <u>Id.</u> at 333 n.3 (emphasis added).

**C. Analysis of Griffith's 28 U.S.C. § 2241 Petition**

Griffith fails to satisfy the second prong of <u>In re Jones</u>. See <u>In re Jones</u>, 226 F.3d 328, 334 (4th Cir. 2000). Specifically, Griffith fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] <u>was convicted is deemed not to be criminal</u>." <u>Id.</u> (emphasis added). The conduct of which Griffith stands convicted, distributing child pornography, is still criminal. See 18 U.S.C. § 2252(a)(1). Moreover, "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." <u>Poole</u>, 531 F.3d at 267 n.7 (citing <u>In re Jones</u>, 226 F.3d at 333-34). Accordingly, it is RECOMMENDED that Griffith's 28 U.S.C. § 2241 Petition be DISMISSED FOR WANT OF JURISDICTION.

(Report and Recommendation entered Feb. 12, 2015 (alteration in original).)

## II. STANDARD OF REVIEW FOR REPORT AND RECOMMENDATION

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing Mathews v. Weber, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." Thomas v. Arn, 474 U.S. 140, 147 (1985). When reviewing the magistrate's recommendation, this Court "may also receive further evidence." 28 U.S.C. § 636(b)(1).

## III. GRIFFFITH'S OBJECTIONS

Griffith contends that he is entitled to proceed by way of § 2241, because he is actually innocent of the sentencing enhancement imposed upon him. (See, e.g., Objs. 7, ECF No. 13 ("Petitioner strongly believes that a defendant can be guilty of an underlying offense and be innocent of sentencing enhancements.") (capitalization corrected).) Griffith is wrong. See Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011)

5

(concluding petitioner's claim of innocence with respect to career offender designation failed to provide a basis for proceeding under 28 U.S.C. § 2241); see also Wright v. Wilson, 568 F. App'x 218, 218 (4th Cir. 2014) (affirming district court's conclusion that attack on a sentence must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241.) Griffith's Objections will be overruled. The Report and Recommendation will be accepted and adopted. The action will be dismissed for want of jurisdiction.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: May 8, 2015
Richmond, Virginia